Judge McMahon         12 CIV 0413

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON A. MORALES, <br><br>        Plaintiff, <br><br> - against - <br><br> THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE LIEUTENANT OSVALDO NUÑEZ, NEW YORK CITY POLICE OFFICERS JOHN DOES 1 through 5, in their official and individual capacities, NEW YORK CITY POLICE OFFICERS JANE DOES 1 through 5, in their official and individual capacities, ROBERT MORGENTHAU, CYRUS R. VANCE, JR., and OFFICE OF THE NEW YORK COUNTY DISTRICT ATTORNEY, <br><br>        Defendants. | **JURY TRIAL DEMANDED** <br><br><br> **COMPLAINT** <br><br><br> Case No.  |

Plaintiff Ramon Morales, by and through his attorneys, the Law Offices of Adam

D. Perlmutter, P.C., hereby alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action to recover monetary damages arising out of defendants'

violation of plaintiff's rights secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights

secured by the Fourth and Fourteenth Amendments to the United States Constitution and the

laws of the State of New York.  Plaintiff was deprived of his constitutional and common law

rights when the individual defendants, while acting in concert, unlawfully confined plaintiff and

caused the unjustifiable arrest and prosecution of plaintiff.

2.      This action arises from harassment by the individual defendants, which led to the unlawful arrest of plaintiff and the malicious prosecution of plaintiff by representatives of the New York County District Attorney's Office.

3.      Defendants, acting under the color of state law, have intentionally and willfully subjected plaintiff to, *inter alia*, harassment, arrest, assault, battery, selective enforcement of the law, false imprisonment, detention and malicious prosecution.

4.      Defendants unlawfully arrested and detained plaintiff in violation of plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution, and in violation of 42 U.S.C. § 1983 and Article 1 § 12 of the New York State Constitution.

## JURISDICTION

5.      This is a civil action authorized by 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

6.      The plaintiff further invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federal claims and causes of action.

## VENUE

7.      The Southern District of New York is an appropriate venue under 28 U.S.C. §§ 1391(a), (b) and (c) and 1402(b) because the events giving rise to this claim occurred in New York County.  In addition, defendants conduct business and maintain their principal places of business in New York County.

## JURY DEMAND

8.      Plaintiff demands a trial by jury on each of his claims triable to a jury.

## THE PARTIES

### A. Plaintiff

9.      Plaintiff, Ramon A. Morales, is a 39-year-old resident of New York, New York. Mr. Morales is a citizen of the United States and is and was at all times relevant herein a resident of the City of New York, State of New York.

### B. Defendants

10.     Defendant New York City Police Lieutenant Osvaldo Nuñez is and was at all times relevant herein an officer, employee and agent of the New York City Police Department. On the date of the incident enumerated herein, he was working within the confines of the 33rd Precinct. Lieutenant Nuñez is being sued herein individually and in his official capacity.

11.     Defendants New York City Police Officers identified at this time as John Does 1 through 5 and Jane Does 1 through 5, are and were at all times relevant herein officers, employees and agents of the New York City Police Department. On the date of the incident enumerated herein, they were working within the confines of the 33rd precinct. New York City Police Officers identified at this time as John Does 1 through 5 and Jane Does 1 through 5 are being sued herein individually and in their official capacities.

12.     Defendant New York City Police Department is a municipal agency of the City of New York. The New York City Police Department acts as an agent of the City of New York in the area of law enforcement, for which it is ultimately responsible. At all times relevant

3

herein, the New York City Police Department hired, employed, supervised and controlled the individual defendants.

13.  At all times relevant herein, the individual defendants were acting under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York, in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, employees and agents of the New York City Police Department.

14.  Robert Morgenthau was the District Attorney of New York County and the head of the New York County District Attorney's Office from the time of plaintiff's arrest until on or about January 4, 2010.  Former District Attorney Morgenthau is being sued herein individually and in his official capacities.

15.  Cyrus Vance, Jr. has been the District Attorney of New York County and the head of the New York County District Attorney's Office since January 4, 2010.  District Attorney Vance is being sued herein individually and in his official capacities.

16.  At all times relevant here in, the individual defendant Robert Morgenthau and his agents were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York, in the course and scope of their duties and functions as agents, servants, employees and officers of the New York County District Attorney's Office, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were

acting for and on behalf of the New York County District Attorney's Office at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York County District Attorney's Office and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York County District Attorney's Office.

17.     At all times relevant here in, the individual defendant Cyrus Vance, Jr. and his agents were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York, in the course and scope of their duties and functions as agents, servants, employees and officers of the New York County District Attorney's Office, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the New York County District Attorney's Office at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York County District Attorney's Office and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York County District Attorney's Office.

18.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## FACTS

19.     Plaintiff, Ramon A. Morales, is a resident of the County of the New York, State of New York.  On the occasion enumerated herein, defendants harassed plaintiff and

violated his Fourth Amendment right against illegal search and seizure when they arrested plaintiff without probable cause or a warrant.

20.    Defendants did so through the arrest of plaintiff despite a lack of probable cause or a warrant for such actions. Defendants acted maliciously and intentionally. As a direct and proximate result of the acts of defendants, plaintiff experienced mental suffering, anguish, psychological and emotional distress, humiliation, embarrassment and deprivation of physical liberty.

21.    On August 19, 2009, at approximately 12:45 a.m., plaintiff was cleaning the back passenger side wheel of his parked car outside of his sister's residence located at 9 Cabrini Boulevard in New York County, City of New York.

22.    As he was engaged in this activity, New York City Police Lieutenant Osvaldo Nuñez and two other officers, identified at this time as among those designated as New York City Police Officer John Does 1 through 5 and New York City Police Officer Jane Doe 1, approached plaintiff in plainclothes from an unmarked vehicle.

23.    As the officers approached plaintiff, they asked who the owner of the vehicle was. Plaintiff replied that it was his vehicle and gave his license, registration and insurance to an officer identified at this time as among those designated as New York City Police Officer John Does 1 through 5.

24.    During this period, an officer, identified at this time as among those designated as New York City Police Officer John Does 1 through 5, accused the plaintiff of possessing of drugs. When plaintiff denied having any drugs he was searched.

25.    An officer, identified at this time as among those designated as New York City Police Officer John Does 1 through 5, then asked plaintiff if he had been drinking. Plaintiff

responded that he had been drinking inside of his sister's home, in front of which his car was parked.

26.     Plaintiff admitted to drinking two beers and a sip of whiskey inside of his sister's apartment two hours prior to being approached by the officers.  Plaintiff produced two 50ml miniature bottles of whiskey from his front pocket.  One bottle was unopened; the other bottle was full other than one sip plaintiff had from it.

27.     An officer, identified at this time as among those designated as New York City Police Officer John Does 1 through 5, then accused plaintiff of possessing cocaine.  Plaintiff again denied possessing or using drugs and informed the officers that his employer subjects him to random drug screenings.

28.     An officer, identified at this time as among those designated as New York City Police Officer John Does 1 through 5, then asked for consent to search plaintiff's vehicle.  Plaintiff consented to the search of his vehicle.  Nothing was recovered from the vehicle.

29.     After the search of his vehicle, an officer, identified at this time as among those designated as New York City Police Officer John Does 1 through 5, called for more officers to come to the scene.  Plaintiff was detained for a period of time while awaiting the arrival of two uniformed officers, identified at this time as among those designated as New York City Police Officers John Does 1 through 5 and Jane Does 1 through 5.

30.     Plaintiff was informed by an officer, identified at this time as among those designated as New York City Police Officers John Does 1 through 5, that he was under arrest for drinking and driving.

31.     Plaintiff was arrested without a warrant.

32.     Plaintiff was arrested without probable cause.

33.     Plaintiff was detained for no reason.

34.     Plaintiff was not operating a motor vehicle at the time he was detained.

35.     Plaintiff did not have slurred or impaired speech.

36.     Plaintiff did not have a flushed face.

37.     Plaintiff did not have impaired motor coordination.

38.     Plaintiff was not intoxicated or impaired.

39.     Plaintiff was not unsteady on his feet.

40.     Plaintiff was never inside of his vehicle after he consumed alcohol.

41.     Plaintiff never intended to operate his vehicle after consuming alcohol.

42.     Plaintiff was nervous.

43.     Plaintiff was frightened.

44.     No field sobriety tests were administered to plaintiff prior to his arrest.

45.     A portable breath test was not administered to plaintiff prior to his arrest.

46.     Plaintiff complied with all orders of the officers.

47.     Upon the arrival of the uniformed officers, Lieutenant Nuñez told the other officers, who were originally on the scene, to leave.

48.     Plaintiff was detained for a period of time before he was placed in handcuffs behind his back.

49.     Lieutenant Nuñez drove from the scene in plaintiff's vehicle.

50.     Plaintiff was taken to the 33rd precinct by the uniformed officers.  On the way to the precinct, the officers stated in sum and substance to plaintiff that Lieutenant Nuñez "has done this before."  Plaintiff understood this to mean that Lieutenant Nuñez has arrested for the purpose of taking the accused person's car for a joyride.

8

51.     Plaintiff was held at the 33rd precinct for a period of time.  The male uniformed officer who transported plaintiff to the precinct allowed plaintiff to use the officer's personal cell phone to call plaintiff's wife and parents.

52.     Plaintiff was charged with driving while intoxicated.

53.     Plaintiff was detained for approximately twenty-four hours before he was arraigned before a judge of the New York City Criminal Court in New York County.

54.     Plaintiff missed a day of work because of his arrest.

55.     Plaintiff appeared in criminal court eighteen times over more than two years to answer the charges against him.

56.     On November 22, 2010, after ten court appearances over fifteen months where the People stated ready for trial only once over more than a year, the misdemeanor charges against plaintiff were dismissed on speedy trial grounds for failure to prosecute by the New York County District Attorney Cyrus Vance, Jr. and agents working on his behalf pursuant to New York Criminal Procedure Law § 30.30.

57.     On November 7, 2011, after eighteen court appearances over more than two years, all charges against plaintiff were dismissed on speedy trial grounds for failure to prosecute by the New York County District Attorney Cyrus Vance, Jr. and agents working on his behalf.

58.     Plaintiff suffered mental anguish and embarrassment both professionally and personally as a result of his arrest and prosecution.

59.     Plaintiff has suffered from loss of sleep, weight gain and depression since this incident.

60.    Plaintiff was admitted to Columbia Presbyterian Hospital on November 20, 2010 for forty-eight hours due to depression and high-blood pressure resulting from the prolonged prosecution of this case.

61.    Plaintiff applied for Medicaid to secure psychiatric treatment due to the mental anguish caused by the prolonged prosecution of this case.

62.    Plaintiff's wife left him as a result of the prosecution of this case.

63.    Plaintiff was diagnosed with diabetes as a result of the stress caused by the prosecution of this case.

64.    Plaintiff lost his job due to the prolonged nature of the proceedings.

65.    Plaintiff's commercial driver's license was suspended during the prosecution of this case, which lasted more than two years.

66.    Since his commercial driver's license was suspended throughout the prosecution of the case, plaintiff was unable to secure employment in his field for more than two years which caused plaintiff significant financial hardship.

67.    Plaintiff's commercial driver's license expired due to the length of this case and upon the favorable resolution of the case, plaintiff suffered financial and other hardships to regain his commercial driving privileges.

68.    Plaintiff's commercial driving record has been permanently damaged as a result of this case. Plaintiff is unable to expunge the two-year suspension of his commercial driver's license from his record even though the case was resolved in his favor. As a result of the suspension on his record, plaintiff has been unable to secure employment equivalent to the type he had before the prosecution of this case.

69.     Plaintiff's vehicle was unaccounted for for ten days after his arrest despite plaintiff's repeated calls to both the police precinct and the auto pound.

70.     Plaintiff's vehicle was returned with the windows down and rear windshield open.  The windows were up and the rear windshield was closed when the vehicle was driven away by Lieutenant Nuñez on the night of plaintiff's arrest.

71.     Items totaling at least $800 were missing from plaintiff's vehicle upon its return.  Those items were not vouchered and were never returned to plaintiff.

72.     Plaintiff incurred costs of at least $900 to repair the damage to his vehicle which resulted from Lieutenant Nuñez opening the windows and rear windshield of plaintiff's car and leaving them open after taking plaintiff's car.

73.     Plaintiff was unable to pay his car loan during the pendency of this case because he was unable to secure employment due to the suspension of his commercial driver's license.  As a result, plaintiff's vehicle was repossessed and his credit rating has subsequently been negatively affected.

74.     A notice of claim was served on the Comptroller of the City of New York. At least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### FIRST CAUSE OF ACTION
(Violation of Plaintiff's Fourth and Fourteenth Amendment Rights)

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 74 with the same force and effect as if more fully set forth at length herein.

76.     Defendants, identified at this time as among those designated as New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers

Jane Does 1 through 5, were acting in concert and within the scope of their authority on August 19, 2009, when they detained and caused plaintiff to be held without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

77.     Defendants, identified at this time as among those designated as New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5, deprived plaintiff of his civil, constitutional and statutory rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985.

### SECOND CAUSE OF ACTION
(False Arrest)

78.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 77 with the same force and effect as if more fully set forth at length herein.

79.     The acts and conduct of the defendants identified at this time as among those designated as New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5 on August 19, 2009, constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

80.     Defendants identified at this time as among those designated as New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5 were at all times relevant herein agents, servants and employees acting within

12

the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

81.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### THIRD CAUSE OF ACTION
(Battery)

82.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 81 with the same force and effect as if more fully set forth at length herein.

83.    Defendant City of New York and its agents, servants and employees, defendants identified at this time as among those designated as New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5, acting within the scope of their employment on August 19, 2009, intentionally, willfully and maliciously battered plaintiff when they placed him in handcuffs and arrested him.

84.    Defendants New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5, were at all times agents, servants and employees acting within the scope of their employment by the New York City Police Department, which is therefore responsible for their conduct.

85.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION
(Malicious Prosecution)

86.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 85 with the same force and effect as if more fully set forth at length herein.

87.     Defendants identified at this time as among those designated as New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5 commenced this action without probable cause.

88.     As a result of defendants' actions, plaintiff was placed under arrest and held in custody for approximately twenty-four hours before he was released.

89.     The information supplied by Lieutenant Nuñez, contained in the Criminal Complaint, was not true and the case was dismissed in its entirety.

90.     The action was terminated in favor of plaintiff.

91.     The actions of New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5 were wrongful, malicious and designed to embarrass and damage plaintiff. Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5 instituted the action with actual malice.

92.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated and subjected to handcuffing and other physical restraints without probable cause.

93.     Plaintiff suffered extreme mental and emotional anguish as a result of Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5's wrongful actions.  Plaintiff lost his job, incurred substantial attorney fees, and had

14

to be treated for mental anguish, among other things as a result of Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5's deliberate and malicious conduct.

94. ˙  Plaintiff has suffered harm, embarrassment, mental anguish and distress resulting from his arrest by the New York City Police Department on false charges brought by Lieutenant Nuñez.

95.    Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5's actions reflect a malicious, intentional, willful and reckless disregard of the rights of plaintiff and warrant a reward of punitive damages.

96.    The acts and conduct of Defendants New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5 and New York County District Attorneys Robert Morgenthau and Cyrus Vance, Jr., and agents acting on their behalf, constitute malicious prosecution under the laws of the State of New York. Defendants commenced and continued a criminal proceeding against plaintiff.  In addition, the proceeding terminated favorably as to plaintiff.

97.    Defendants New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5, New York County District Attorneys Robert Morgenthau and Cyrus Vance, Jr., and agents acting on their behalf, were at all times agents, servants and employees acting within the scope of their employment by the City of New York, the New York City Police Department and/or the New York County District Attorney's Office, which are therefore responsible for their conduct.

98.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION
### (Malicious Prosecution)

99.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 98 with the same force and effect as if more fully set forth at length herein.

100.    Lieutenant Nuñez misrepresented and falsified evidence before the District Attorney.

101.    Lieutenant Nuñez did not make a full and complete statement of the facts to the District Attorney.

102.    Lieutenant Nuñez was directly and actively involved in the initiation of criminal proceedings against plaintiff.

103.    If plaintiff had a full and fair opportunity to litigate the pretrial hearings in this case, the trial court would have found that Lieutenant Nuñez lacked probable cause to initiate criminal proceedings against plaintiff.

104.    Lieutenant Nuñez acted with malice in initiating criminal proceedings against plaintiff.

105.    Lieutenant Nuñez was directly and actively involved in the continuation of criminal proceedings against plaintiff.

106.    Lieutenant Nuñez acted with malice in continuing criminal proceedings against plaintiff.

107.    Lieutenant Nuñez misrepresented evidence throughout all phases of the criminal proceedings.

16

108.    Notwithstanding Lieutenant Nuñez's conduct, the criminal proceedings were terminated in favor of plaintiff on or about November 7, 2011.

109.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## SIXTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training and Supervision)

110.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 109 with the same force and effect as if more fully set forth at length herein.

111.    The City of New York, acting through the New York City Police Department and its agents, servants and employees acting within the scope of their employment did negligently hire, retain, train and supervise defendants, identified at this time as among those designated as New York City Lieutenant Osvaldo Nuñez, Police Officers John Does 1 through 5 and Police Officers Jane Does 1 through 5, individuals who were unfit for the performance of police duties on August 19, 2009, at the aforementioned location.

112.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a.      As to the First through Sixth Causes of Action, that the jury find and the Court adjudge and decree that the plaintiff shall recover compensatory damages in the sum of $100,000.00 against the individual defendants and the City of New York, jointly and severally,

together with interest and costs; and punitive damages in the sum of $1,000,000.00 against the defendants, jointly and severally;

      b.      That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and

      c.      That plaintiff is granted such other and further relief as the Court deems just and equitable.

Dated: New York, New York
       January 12, 2012

                                  LAW OFFICES OF ADAM D. PERLMUTTER, P.C.

                                   By:  _____

                                       Adam D. Perlmutter
                                       Jennifer R. Louis-Jeune

                                     260 Madison Ave., Suite 1800
                                     New York, NY 10016
                                     Tel: (212) 679-1990
                                     Fax: (212) 679-1995

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Dated:      New York, New York
             January 12, 2012

                        LAW OFFICES OF ADAM D. PERLMUTTER, P.C.

By: _____
                     Adam D. Perlmutter

260 Madison Ave., Suite 1800
New York, NY 10016
Tel: (212) 679-1990
Fax: (212) 679-1995